Filed
2013 MAY -6 AM 9:25
CLERK U.S. DISTRICT COURT
CENTRAL DIST. CALIF
LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ATI MANAGEMENT LLC, | ) | CASE NO. CV 13-0656 UA (DUTY) |
| Plaintiff, | ) | |
| vs. | ) | ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |
| GLORIA CARABEZ, et al., | ) | |
| Defendants. | ) | |

The Court remands this unlawful detainer action to state court summarily because it was improperly removed.

On April 25, 2013, Robert Odem lodged a Notice of Removal ("Notice"), seeking to remove to this court what appears to be a routine California state court unlawful detainer action. Mr. Odem is not a named defendant in the action; however, in state court, he filed a Prejudgment Claim of Right to Possession. [Attachment to Notice at 3.] Together with the removal notice, Mr. Odem presented an application to proceed without prepayment of the filing fee. The Court has denied the latter application in a separate order because

the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court now issues this order to remand the action to state court on the following grounds.

Plaintiff ATI Management LLC could not have brought this action in federal court in the first instance, in that no basis for original federal jurisdiction appears from the complaint, and the Notice of Removal does not competently allege facts supporting either diversity or federal-question jurisdiction; removal is therefore improper. See 28 U.S.C. § 1441(a); Exxon Mobil Corp. V. Allapattah Svcs., Inc., 545 U.S. 546, 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). Specifically, citizenship of the parties is unclear from the pleadings; and even if complete diversity of citizenship exists, the amount in controversy does not exceed the jurisdictional threshold of $75,000. [See Attachment to Notice at 5 (Complaint-Unlawful Detainer, alleging that amount demanded does not exceed $10,000).] Additionally, Mr. Odem could not properly remove the action on the basis of diversity jurisdiction in any event, because he resides in California, the forum state. See 28 U.S.C. § 1441(b).

Nor does Plaintiff's unlawful detainer action raise any federal legal question. See 28 U.S.C. §§ 1331, 1441(b). Mr. Odem asserts in his removal notice that Plaintiff has violated federal laws in the months preceding the unlawful action, but that is immaterial. "For better or for worse . . . a defendant may not remove a case to federal court" on the basis of federal-question jurisdiction "unless the plaintiff's complaint establishes that the case 'arises under' federal law." Franchise Tax Bd. v. Const. Laborers Vacation Trust, 463 U.S. 1, 10, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

Accordingly, this matter is **remanded** to the Superior Court of California for the County of Orange, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). The Clerk is directed to send a certified copy of this order to the state court and to serve copies of this order on the parties.

**IT IS SO ORDERED.**

DATED: 5/1, 2013

_____
GEORGE H. KING
CHIEF DISTRICT JUDGE